IN UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MICAL BUCHOLZ, LUKE MOEN, and BENJAMIN LIEFORT,<br><br>Plaintiffs,<br><br>vs.<br><br>ARTISAN AND TRUCKERS CASUALTY COMPANY,<br><br>Defendant. | Civil Action No. 20 – 5011<br><br><br><br>**ANSWER** |

COMES NOW Defendant Artisan and Truckers Casualty Company, ("Artisan"), and for its Answer to Plaintiffs' Complaint and Demand for Jury Trial, states and alleges as follows:

1. Plaintiffs have failed to state a claim against Artisan in which relief may be granted.

2. Artisan denies each and every matter, allegation, and thing contained in said Complaint except such as is hereinafter specifically admitted or qualified.

3. Artisan denies the allegations made against Artisan that are contained in the paragraph entitled, "Nature of The Claim", except those factual allegations admitted to by Artisan as set forth in this Answer below. Artisan remits Plaintiffs to their burden of proof regarding all factual allegations.

4. Artisan admits paragraphs 1 and 2.

5. As to paragraph 3, Artisan admits that on behalf of their insured, Sharon Cavanaugh, a Wisconsin resident that was involved in the South Dakota car accident that is the subject of this lawsuit, Artisan investigated, negotiated, and settled all three personal injury claims made by these three Plaintiffs against Cavanagh.

6. Artisan remits Plaintiffs to their burden of proof regarding the allegations contained within paragraph 4. Artisan admits that the parties are diverse. Artisan denies that the amount in controversy exceeds $75,000.00, as the Plaintiffs have failed to state a claim against Artisan in which relief may be granted.

7. As to paragraph 5, Artisan denies that the Plaintiffs have properly designated the Western Division of South Dakota's United States District Court as the proper Division. None of the parties—Plaintiffs or Defendants—are residents of the Western Division. Pursuant to the accident report regarding the subject car accident, at the time of this accident, all three Plaintiffs were residents of Big Stone, South Dakota, or Milbank, South Dakota, which are located in the Northern Division. Those residences of the Plaintiffs are also located near the subject car accident. No event concerning the subject matter of Plaintiffs' Complaint arose in the Western Division. Artisan respectfully requests that this case be re-assigned to the Northern Division.

8. As to paragraphs 6-19, Artisan has insufficient information to admit or deny all of the specific factual allegations regarding the subject car accident. No agent or employee of Artisan was present at the location of the accident when the accident occurred. However, based upon its investigation, and based upon the information contained within the accident report prepared by the South Dakota Highway Patrol, Artisan admits the following facts related to this accident:

- On October 16, 2015, Plaintiff Ben Lieffort was driving Plaintiff Mical Bucholz's vehicle southbound on I-29 near Sisseton, South Dakota.

- Plaintiff Bucholz and Plaintiff Luke Moen were passengers in the vehicle being driven by Lieffort and owned by Bucholz.

- On the same date, and at approximately the same time, Artisan insured, Sharon Cavanagh, was also driving a vehicle southbound on I-29 near Sisseton, South Dakota.

- Cavanagh's vehicle was in front of—i.e., further south of—the Plaintiffs' vehicle.

- Cavanagh's vehicle struck a deer.

- After striking the deer, Cavanagh's vehicle came to rest in the inside driving lane, or partially in the inside driving lane, of I-29.

- Pursuant to the accident report, Cavanagh's collision with the deer resulted in Cavanagh's vehicle becoming "completely disabled".

- Pursuant to the accident report, when Plaintiffs' vehicle reached the location of Cavanagh's vehicle, Cavanagh's vehicle "…was parked in the inside lane of the roadway and was disabled from a previous crash (collision with the deer) that occurred about five minutes prior.  Unit one (Cavanagh's vehicle) had no lights or power and no means to warn other drivers."

- Plaintiffs' vehicle struck Cavanagh's vehicle from the rear.

- The accident took place near midnight.

- Following the collision, both vehicles came to rest in the median.

- All three Plaintiffs were injured as a result of the accident.

Artisan remits Plaintiffs to their burden of proof regarding any additional factual allegations regarding the car accident as alleged in Plaintiffs' Complaint.

9. Paragraphs 20-23 are admitted.

10. As to paragraphs 24 and 25, Artisan admits that its employee, Tara Kennedy, was contacted by Attorney Brian Radke.  Artisan further acknowledges that at some point during Artisan's communications with Attorney Radke, Radke advised of his desire to inspect Cavanagh's vehicle, and that Radke was ultimately given the opportunity to inspect Cavanagh's vehicle. Artisan remits Plaintiffs to their burden of proof regarding the specific conversations Attorney Radke may have had with Artisan representatives, Radke's specific requests related to the Cavanagh

vehicle, including when any such requests were made, to whom such requests were made, as well as Artisan's responses to such requests from Radke.

11. As to paragraph 26, Artisan admits that as part of its investigation of the accident, Artisan reviewed and considered the actions of both drivers, including the potential that Plaintiff Lieffort's driving may have been contributorily negligent greater than slight, as well as the impact of such a finding upon the Plaintiffs' respective claims for damages.

12. As to paragraph 27, Artisan requested that the three Plaintiffs execute medical releases to further Artisan's investigation of Plaintiffs' injury claims. Artisan denies that Tara Kennedy informed Attorney Radke that Cavanagh's auto liability policy contained $50,000.00 limits for each of the three Plaintiffs' claims against Cavanagh. It appears that Attorney Radke is confusing his own clients' auto policy limits with Cavanagh's liability limits.

13. As to paragraphs 28 and 29, Artisan admits that during the claims process, and after the Plaintiffs had supplied medical releases to Artisan, Artisan informed Attorney Radke that there was a change in claims handlers, and that Terry Diggins was then assigned to handle the Plaintiffs' claims against Cavanagh.

14. As to paragraphs 30 and 31, Artisan admits that Attorney Radke contacted Diggins and that Radke and Diggins discussed the potential of settlements of Plaintiffs' claims, as well as the liability limits of Cavanagh's auto policy. Artisan denies that it ever mis-represented the liability limits of Cavanagh's auto policy to Radke. Artisan remits Plaintiffs to their burden of proof regarding any additional specific conversations Attorney Radke claims to have had with Artisan representatives.

15. Artisan states that paragraph 32 is non-sensical in that it alleges a "…new position from Artisan was going to once again be that Lieffort was negligent more than slight." The terms "new position" and "once again" appear to be in-opposite. Artisan acknowledges that it was always

4

considering a potential determination that Lieffort's driving was contributorily negligent more than slight as part of Artisan's investigation and evaluation of Plaintiffs' claims against Cavanagh.

16. As to paragraph 33, Artisan acknowledges that a finding by the Court and/or jury that Lieffort was contributorily negligent more than slight, in comparison to Cavanagh's negligence, would act as a bar to Lieffort's claim against Cavanagh that Cavanagh was negligent.

17. As to paragraph 34, Artisan acknowledges that Attorney Radke and Diggins may have discussed Bucholz's potential claim under her own Progressive policy. However, Diggins was the claim handler of the Plaintiffs' claims under the Artisan policy against Cavanagh. Diggins was not evaluating a claim by Bucholz under her own Progressive auto policy. Paragraph 23 of Plaintiffs' own Complaint recognizes that Attorney Radke was making claims for these three Plaintiffs against Cavanagh under Cavanagh's Artisan policy.

18. As to paragraph 35, Artisan acknowledges that Attorney Radke and Diggins may have discussed Moen's potential claim under Bucholz's Progressive auto policy. However, Diggins was the claim handler of the Plaintiffs' claims under the Artisan policy against Cavanagh. Diggins was not evaluating a claim by Moen under Buchholz's Progressive auto policy. Paragraph 23 of Plaintiffs' own Complaint recognizes that Attorney Radke was making claims for these three Plaintiffs against Cavanagh under Cavanagh's Artisan policy.

19. As to paragraph 36, Artisan admits that Attorney Radke requested an inspection of Cavanagh's vehicle. Artisan made arrangements for the inspection and Radke conducted his inspection of Cavanagh's vehicle at a storage facility. Diggins also forwarded photos of Cavanagh's vehicle to Radke.

20. As to paragraphs 37-39, Artisan has insufficient information to admit or deny steps taken by Radke, and/or what conclusions Radke may have reached with a comparison of vehicle photos. Artisan denies any allegations or implications that it improperly altered Cavanagh's

vehicle. Artisan remits Plaintiffs to their burden of proof regarding any specific conversations Radke may have had with Diggins.

21. Paragraphs 40 and 41 are admitted.

22. Artisan has insufficient information to admit or deny all of the specific allegations contained within paragraphs 42 and 43, but admits that Attorney Radke was allowed to inspect the Cavanagh vehicle a second time with Radke's investigator.

23. Artisan has insufficient information to admit or deny paragraphs 44-52.

24. Paragraphs 53 and 54 are denied.

25. As to paragraph 55, Artisan admits that it eventually assigned Robert Hansel to Plaintiffs' claims against Cavanagh.

26. As to paragraph 56, Artisan admits that Radke continued to make allegations against Diggins. Artisan denies that the merits of Radke's allegations against Diggins were accurate. Artisan remits Plaintiffs to their burden of proof regarding any specific conversations between Radke and Hansel.

27. The allegations and characterizations of paragraphs 57-59 are denied. Artisan admits that Hansel continued to attempt to communicate with Radke. To the extent that Hansel's statements to Radke constitute "back peddling", a "confession", or any alleged wrongdoing by Artisan, those allegations are denied. Artisan remits Plaintiffs to their burden of proof regarding any specific conversations between Radke and Hansel.

28. As to paragraph 60, Artisan admits that in 2016, on behalf of their insured Sharon Cavanaugh, Artisan offered to pay, and eventually did pay Cavanagh's auto liability policy limits to the three Plaintiffs in the amount of $100,000 to each Plaintiff, for a total payout of Cavanagh's per occurrence liability limits of $300,000.

29. As to paragraphs 61-66, Artisan admits that the parties successfully negotiated settlement Releases, including Artisan agreeing upon more narrow language that may typically be used in an Artisan Release. Artisan did so in an effort to compromise, and to protect their insured, Sharon Cavanagh. Artisan denies that it ever sought specific release language regarding claims for bad faith or fraud, as Artisan did not commit any such acts. Artisan admits that upon the insistence of Attorney Radke, Artisan agreed to language in the Releases that preserved Plaintiffs' ability make claims of bad faith and fraud/deceit. Artisan adamantly denies Plaintiffs' claims of bad faith and fraud/deceit.

30. Plaintiffs' first cause of action entitled, "Deceit/Fraud", encompassing paragraphs 67-75, is denied.

31. Artisan did not make any statement that was untrue that was intended to mislead the Plaintiffs.

32. Even if Artisan would have made an untrue statement that was intended to mislead the Plaintiffs (it did not), the Plaintiffs did not rely upon any untrue statement by Artisan to Plaintiffs' detriment. Plaintiffs, while represented by counsel (Radke), each accepted Cavanagh's full auto policy limits of $100,000 per injury claim, including settlement release language specifically negotiated by Radke. There is no evidence to support the essential element of detrimental reliance for a claim of fraud or deceit.

33. These three Plaintiffs were not injured by Artisan in any way.

34. Further, Plaintiffs allegations of deceit/fraud fail as a matter of law, as they do not comply with the requirements of SDCL 15-6-9(b).

35. Artisan further remits Plaintiffs to their burden of proof regarding any allegations of damages caused by Artisan's alleged fraud or deceit.

36. Plaintiffs' second cause of action entitled, "Bad Faith (Common Law)", encompassing paragraphs 76-81, is denied.

37. Artisan denies the legal duties alleged in paragraphs 77 and 78 of Plaintiffs' Complaint. The Plaintiffs appear to be conflating legal duties owed by an insurance carrier in first-party and third-party claims. While attempting to settle Plaintiffs' personal injury claims against Sharon Cavanagh, Artisan's legal duties extended to its policy holder—Cavanagh—not the Plaintiffs.

38. Paragraphs 79 and 80 are denied, as Artisan did not commit an act of fraud or deceit.

39. Paragraph 81 is denied. As a matter of law, any contractual covenant that existed under the Artisan policy in which the Plaintiffs were making a claim (see paragraph 23 of Plaintiffs' Complaint), and in which the Plaintiffs received benefits, was a covenant that existed between Artisan and Cavanagh. No privity of contract existed between Artisan and the Plaintiffs, and therefore, as a matter of law, no such alleged covenant (implied or other) existed between Artisan and the Plaintiffs.

40. As a further defense, even if the Court were to determine that Artisan owed legal duties to the Plaintiffs as alleged in Plaintiffs' Complaint, Plaintiffs' claims against Artisan's insured, Sharon Cavanagh, including Plaintiff Lieffort's own contributory negligence, and the effect of Plaintiff Lieffort's contributory negligence upon all three of the Plaintiffs' claims against Cavanagh, were always fairly debatable. Artisan has a right to contest claims that are fairly debatable, including during the timeframe in which Artisan was investigating Plaintiffs' claims.

41. Plaintiffs' third cause of action for "Unfair Trade Practices (Statutory Bad Faith)", encompassing paragraphs 82-86, is denied.

42. The provisions of SDCL 58-33-67 do not create a separate right to a private cause of action for the Plaintiffs.

43. Artisan does not owe a legal duty to the Plaintiffs that are contemplated by paragraphs 82-86. Artisan's legal duties extended to its policy holder, Sharon Cavanagh, not the Plaintiffs.

44. Artisan remits Plaintiffs to their burden of proof regarding any of Plaintiffs' claims for damages.

45. Plaintiffs' fourth cause of action for "Punitive Damages", encompassing paragraphs 87-90, is denied.

46. As a further defense, Plaintiffs' claims for punitive damages violate the United States Constitution, and/or the South Dakota Constitution in the following respects:

    a. The legal standards for determining both the amount and/or the subsequent imposition of punitive damages are vague and supply no notice to Artisan of the potential repercussions of its alleged conduct and therefore the jury has unbridled discretion, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

    b. The legal standards for determining both the amount and/or the subsequent imposition of punitive damages are vague, supply no notice to Artisan of the potential repercussions of its alleged conduct and therefore the jury has unbridled discretion, thereby denying due process under the South Dakota Constitution, Article VI, §2.

    c. Plaintiffs' claims for punitive damages constitute a request for and/or imposition of an excessive fine in violation of the Eighth Amendment of the United States Constitution.

    d. Plaintiffs' claims for punitive damages constitute a request for and/or imposition of an excessive fine in violation of the South Dakota Constitution, Article VI, §23.

    e. Plaintiffs' claims for punitive damages constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

    f. Plaintiffs' claims for punitive damages constitute cruel and unusual punishment in violation of the South Dakota Constitution, Article VI, §23.

    g. Plaintiffs' claims for punitive damages discriminate against Artisan and constitute a denial of equal protection under the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that the jury may be requested

      to consider Artisan's wealth or net worth in determining the amount of any such damage awards.

h.     Plaintiffs' claims for punitive damages discriminate against Artisan and constitute a denial of equal protection under the law in violation of Article VI, §2 of the South Dakota Constitution in that the jury may be requested to consider Artisan's wealth or net worth in determining the amount of any such damage awards.

i.     Plaintiffs' claims for punitive damages subject Artisan to multiple punishments for the same alleged conduct or wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitutions.

j.     Plaintiffs' claims for punitive damages subject Artisan to multiple punishments for the same alleged conduct or wrong, thereby denying due process under Article IV, §3 of the South Dakota Constitution.

k.     South Dakota law does not provide an adequate procedure for the determination of damages in the nature of punitive damages in violation of the equal protection and substantive and procedural due process requirement of the United States Constitution and/or the South Dakota Constitution.

47.     Artisan remits Plaintiffs to their burden of proof regarding any of Plaintiffs' claims for damages, including any claims cited in Plaintiffs' Prayer for Relief.

WHEREFORE, Artisan prays for a judgment as follows:

1.     That Plaintiffs' Complaint against Artisan be dismissed, upon its merits and with prejudice;

2.     That Artisan recover costs and disbursements incurred herein; and

3.     For such other and further relief as the Court deems just and equitable.

Dated this 3rd day of March, 2020.

                               EVANS, HAIGH & HINTON, LLP

                               /s/ *Mark J. Arndt*
                                 Mark J. Arndt
                              P.O. Box 2790
                              Sioux Falls, SD 57101-2790
                              (605) 275-9599; Fax: (605) 275-9602
                              marndt@ehhlawyers.com
                              Attorney for Defendant Artisan and Truckers Casualty Company

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 3rd day of March, 2020, a true and correct copy of the foregoing **Answer** was filed and served using the Court's ECF system which upon information and belief will send e-mail notification of such filing to David Barari, G. Verne Goodsell, and Nathan R. Oviatt of Goodsell Quinn, LLP, david@goodsellquinn.com, verne@goodsellquinn.com, and nate@goodsellquinn.com, attorneys for Plaintiff.

　　　　　　　　　　　　　　　　　　/s/ *Mark J. Arndt*
　　　　　　　　　　　　　　　　　　Mark J. Arndt